**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O, JS-6

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 10-1812 DOC (Ex)                        Date: February 23, 2011

Title: PACIFIC BUILDING CARE INC. v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH et. al.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Kathy Peterson</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO STAY CASE

       Before the Court is Defendants' Motion to Dismiss, or Alternatively, to Stay the Action and Motion to Strike in the above-captioned case (Docket 24). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion to Stay and orders the case stayed pending the completion of the relevant arbitration proceedings.

**I.**      **BACKGROUND**

       In 2005 and 2006, Plaintiff Pacific Building Care, Inc. ("Plaintiff") purchased insurance policies from Defendants National Union Fire Insurance Company of Pittsburgh, PA et. al. ("Defendants"). A series of disputes arose regarding Plaintiff's payment obligations. In April 2010, Defendants demanded that Plaintiffs submit to arbitration in order to resolve these disputes, pointing to the mandatory arbitration provision in the payment agreements allegedly entered into between the parties.

       On July 9, 2010, Plaintiff filed a petition to stay the arbitration in the Supreme Court of the State of New York, County of New York ("New York state court"). Plaintiff argued that arbitration could not occur because Defendants had not allowed Plaintiff to undertake a claims audit. According to

Plaintiff, the claims audit constituted a precondition to arbitration. Quickly thereafter, Defendants filed a motion to compel arbitration, contending that Plaintiff's argument concerning the necessity of a claims audit was a question for the arbitrator. On October 28, 2010, the New York state court denied Plaintiff's motion to stay the arbitration and granted Defendants' motion to compel. Exh. 13 to Pl.'s Complaint. An "Initial Organizational Meeting" in front of the arbitration panel took place on January 26, 2011. At this meeting, Plaintiff notified the panel of its intention to move to dismiss the arbitration proceeding in light of Defendants' failure to perform a claims audit. The panel scheduled a hearing on Plaintiff's motion for May 2, 2011.

On November 29, 2010, Plaintiff filed suit in the instant court, alleging that Defendants had violated Cal. Bus. & Prof. Code § 17200 *et. seq.*. Plaintiffs also filed a Motion for Preliminary Injunction, requesting that the Court require Defendants to immediately turn over Plaintiff's claim files (Docket 6).

Defendants bring the instant Motion to Dismiss or to Stay pending completion of the arbitration ordered by the New York state court.

## II.    LEGAL STANDARD

Where parties to a case are contractually obligated to submit to arbitration, "[the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. When a case includes both arbitrable and non-arbitrable claims, the district court has discretion either to stay all the claims or to stay only the arbitrable claims and proceed with the non-arbitrable claims. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23, 103 S. Ct. 927 (1983); *United States for the Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

## III.    DISCUSSION

The parties do not dispute the validity of the New York state court order compelling the parties to arbitrate their payment disputes.[1] Indeed, Plaintiff spends much of its moving papers attempting to convince the court that granting Plaintiff's requested relief in this action will ***not*** undercut the role of the arbitrator or undermine the New York state court's decision to compel arbitration. *See,*

---

[1]Nor could they. The *Rooker-Feldman* doctrine bars Plaintiff from pursuing a direct appeal of a state court decision in federal court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476. In addition, federal courts are compelled by the "full faith and credit" statute to give collateral estoppel and res judicata effects to the judgments of state courts. 28 U.S.C. § 1738; *Southeast Resource Recovery Fac. Auth. v. Montenay Int'l Corp.*, 973 F.2d 711, 712-13 (9th Cir. 1992).

*e.g.* Pl.'s Opp. at 9 ("PBC is not appealing the New York order, either directly or de facto"); *see also* Pl.'s Opp. at 7 (acknowledging Plaintiff's submission to the arbitrator's jurisdiction by explaining the upcoming motions scheduled before that body).  There is no dispute, then, that arbitration is currently underway between the parties.

Given the ongoing arbitration proceedings, the wisest course of action is to stay the current action until arbitration concludes.  *See* 9 U.S.C. § 3.  Many of the issues raised in the instant case overlap with those currently in front of the arbitrator.  Specifically, the New York state court compelled arbitration of the parties' payment disputes.  Resolution of these disputes necessarily will involve consideration of Plaintiff's defenses to non-payment – including the claims of Defendants' alleged misconduct that form the basis of the instant case.  Concern for judicial economy alone establishes the propriety of issuing a stay.

The fact that some of Plaintiff's claims may not be resolved in arbitration does not compel a different result.  "A court can properly stay a suit before it if any issue in the suit is arbitrable, even if some issues are not."  *Paramount Farms, Inc v. Ventilex B.V.,* 2009 WL 161052 at *11 (E.D. Cal. 2009) (citing *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 361 (7th Cir. 1997), *cert. denied*, 522 U.S. 912 (1997)).  Indeed, "federal courts have not hesitated to stay the litigation of non-arbitrable claims until the conclusion of arbitration, provided that economies of time and effort for court and parties can thereby be achieved and that the party seeking the stay can demonstrate that he will not hinder the arbitration, that the arbitration will be concluded within a reasonable amount of time, and that the delay will not work an undue hardship on the party opposing the stay." *Janmort Leasing, Inc. V. Econo-Car Inernational, Inc.*, 475 F. Supp. 1282, 1293 (E.D.N.Y 1979).  Here, there has been no argument that Defendant will hinder the arbitration or that the arbitration will not be completed within a reasonable time.  By filing a motion for a preliminary injunction requiring Defendants to conduct an immediate claims audit, Plaintiff impliedly argues that delay will impose an undue hardship on them.  This argument, however, is not well taken.  The New York state court referred to the arbitration panel the question of whether the claims audit is a precondition to the arbitration proceeding.  Should the panel resolve this question in the affirmative, the panel will stay the arbitration while the claims audit occurs.  Should the panel find that a claims audit is not a precondition to arbitration, Plaintiff will receive the necessary claim files as part of the arbitration discovery process.  Either way, Plaintiff suffers no prejudice by a stay of the instant case.  The issuance of a stay remains the wisest course of action.

**IV.    DISPOSITION**

In light of the above, Defendants' Motion to Stay is hereby GRANTED.  This case is ordered STAYED pending the completion of arbitration.

This matter will be statistically inactivated for the pendency of the stay. The parties are ordered to notify the Court within seven (7) days of the completion of arbitration, shall inform the

Court at that time of whether the instant case should be dismissed or restored to the Court's active calendar, and shall submit a proposed order for the Court's signature.

The Plaintiff's Motion for Preliminary Injunction [6] is taken off calendar. If this case is restored to the Court's active calendar, any pending motion(s) shall be renoticed for hearing.

The Clerk shall serve this minute order on all parties to the action.